PHILIP HIRSCH, Respondent, v. AUGUST R. FASALINO, Defendant, and HARRY J. GEROFSKY, Appellant.— Action to compel specific performance of an oral agreement to execute and deliver a bond and mortgage upon real estate. The answer pleads the Statute of Frauds as a defense. Order denying motion of defendant Gerofsky to dismiss the complaint, pursuant to rule 112 of the Rules of Civil Practice, reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. The plaintiff's alleged failure to take steps to prosecute his action for fraud or to prevent defendant Fasalino from leaving the jurisdiction is insufficient to constitute part performance so as to take the case out of the Statute of Frauds. Such inaction is completely ambiguous and the pleadings contain nothing by which it might be deemed referable to an interest in real estate, except by reason of the alleged oral promise. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.

In the Matter of the Will of MURRAY HADFIELD, Deceased. PHYLLIS SPERLING, Respondent; ETHEL L. HADFIELD, Individually and as Administratrix C. T. A. of the Estate of MURRAY HADFIELD, Deceased, Appellant.— Order of the Surrogate's Court, Nassau County, opening respondent's default, vacating and setting aside a decree admitting a codicil to probate, and permitting her to intervene and interpose objections alleging undue influence, affirmed, with $10 costs and disbursements to respondent, payable out of the estate. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.

In the Matter of the Probate of the Will of ELIZABETH M. MILLER, Deceased. ROBERT E. SWEZEY, Appellant; CLARA L. MILLER, Respondent.— In a probate proceeding, decree of the Rockland County Surrogate's Court denying probate of a paper writing as the will of decedent, modified on the law and the facts as follows: By striking from the first ordering paragraph the items numbered 2, 3, 4, and 5; and by adding to the second ordering paragraph after the word " contestant " the words " and to the proponent, payable out of the estate." As so modified, the decree is unanimously affirmed, with costs to both parties, payable out of the estate. A jury question was presented on the issue of testamentary capacity, but the verdict is against the weight of the credible evidence on the remaining issues. On appeal from order settling case on appeal, the order, insofar as appealed from, is unanimously affirmed, with $10 costs and disbursements, payable by appellant personally. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See post, p. 852.]

In the Matter of AUGUST MULLER et al., Individually and on Behalf of Other Persons Similarly Situated, Respondents, against ZONING BOARD OF APPEALS OF THE TOWN OF RAMAPO et al., Appellants.— Appeal dismissed. (See Matter of Muller v. Zoning Bd. of Appeals of Town of Ramapo, ante, p. 824, decided herewith.) Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.